IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRENDA YOUNG-POOLE,

                Plaintiff,

v.                                  CIVIL ACTION NO.   2:12-cv-01962

ETHICON, INC., et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 64] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

## I.    Background

This action involves an Illinois plaintiff who was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape-Obturator ("TVT-O"), on November 13, 2008, at Rush University Medical Center, Chicago, Illinois, by Drs. Lev Elterman and Michael R. Abern. Am. Short Form Compl. [ECF No. 45] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven

MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II.   Legal Standards

### A.   Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B.  Choice of Law

The parties agree that Illinois choice-of-law principles apply to this case and that these principles compel the application of Illinois law to the plaintiff's substantive claims. Ethicon asserts that New Jersey law applies to the issue of punitive damages; the plaintiff does not respond to this assertion.

To determine the applicable state law for a dispositive motion, I generally refer

3

to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Bos. Sci. Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Here, the plaintiff filed her initial complaint in the Northern District of Illinois. Compl. [ECF No. 1]. Thus, the choice-of-law principles of Illinois guide this court's choice-of-law analysis.

Illinois is the plaintiff's state of residence, where the plaintiff received her TVT implant surgery, and where her claimed injuries occurred. For the reasons discussed in *Huskey v. Ethicon, Inc.*, I agree with the parties that Illinois law applies to the plaintiff's substantive claims. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 740–41 (S.D.W. Va. 2014) (Illinois uses the "most-significant-relationship" test and permits dépeçage—a separate choice-of-law analysis for each individual issue). In *Huskey*, I also found that New Jersey law—rather than Illinois law—applied to the *Huskey* plaintiffs' punitive damages claim. *Id.* Here, I need not decide what law applies to punitive damages at this time because Ethicon does not directly challenge punitive damages.

## III.    Analysis

Ethicon argues it is entitled to summary judgment because the relevant statute of limitations bars certain claims. Ethicon also argues it is entitled to

summary judgment because the plaintiff's claims are without evidentiary or legal support.

### A. Conceded Claims

The plaintiff concedes the following claims: Count II (Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VI (Common Law Fraud), Count VII (Fraudulent Concealment), Count VIII (Constructive Fraud), Count IX (Negligent Misrepresentation), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty), and Count XIII (Violation of Consumer Protection Laws). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon, including timeliness under the Illinois statute of limitations. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 64] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (Manufacturing Defect), Count IV (Strict Liability – Defective Product), Count VI (Common Law Fraud), Count VII (Fraudulent Concealment), Count VIII (Constructive Fraud), Count IX (Negligent Misrepresentation), Count XI (Breach of

5

Express Warranty), Count XII (Breach of Implied Warranty), and Count XIII (Violation of Consumer Protection Laws). Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 16, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6