IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRENDA YOUNG-POOLE,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:12-cv-01962

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
*(Plaintiff's Motion for Partial Summary Judgment)*

    Pending before the court is the plaintiff's Motion for Partial Summary Judgment [ECF No. 62] wherein the plaintiff moves for partial summary judgment on various affirmative defenses raised by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, the plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

    This action involves an Illinois plaintiff who was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape-Obturator ("TVT-O"), on November 13, 2008, at Rush University Medical Center, Chicago, Illinois, by Drs. Lev Elterman and Michael R. Abern. Am. Short Form Compl. [ECF No. 45] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat

pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 2 case."

## II. Legal Standards

### A. Summary Judgment

A court may use partial summary judgment to dispose of affirmative defenses. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996). To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion

for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree that Illinois choice-of-law principles apply to this case and that these principles compel the application of Illinois law to the plaintiff's

substantive claims. Ethicon asserts that New Jersey law applies to the issue of punitive damages; the plaintiff does not respond to this assertion.

To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of the state in which the plaintiff was implanted with the product. *See Sanchez v. Bos. Sci. Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). Here, the plaintiff filed her initial complaint in the Northern District of Illinois. Compl. [ECF No. 1]. Thus, the choice-of-law principles of Illinois guide this court's choice-of-law analysis.

Illinois is the plaintiff's state of residence, where the plaintiff received her TVT implant surgery, and where her claimed injuries occurred. For the reasons discussed in *Huskey v. Ethicon, Inc.*, I agree with the parties that Illinois law applies to the plaintiff's substantive claims. *See Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 740–41 (S.D.W. Va. 2014) (Illinois uses the "most-significant-relationship" test and permits dépeçage—a separate choice-of-law analysis for each individual issue). In *Huskey*, I also found that New Jersey law—rather than Illinois law—applied to the *Huskey* plaintiffs' punitive damages claim. *Id.* Here, I need not decide what law applies to punitive damages at this time because Ethicon does not directly challenge punitive damages.

4

III.  Analysis

The plaintiff argues she is entitled to summary judgment on the defendants' affirmative defenses of contributory negligence, comparative fault, and/or comparative negligence of her treating physicians. Specifically, the plaintiff challenges ¶¶ 42, 45, 51, and 66 of the Master Answer and Jury Demand of Defendant Ethicon, Inc. to First Amended Master Complaint ("Ethicon Master Answer") [ECF No. 60-2] and ¶¶ 44, 47, 53, and 67 of the Master Answer and Jury Demand of Defendant Johnson & Johnson to First Amended Master Complaint ("Johnson & Johnson Master Answer") [ECF No. 60-3]. The plaintiff argues that her Motion should be granted because the defenses are without legal or evidentiary support.

Ethicon agrees that this court should dismiss the affirmative defenses listed in the Master Answers to the extent they are based on the purported negligence of the plaintiff's treating physicians, and Ethicon withdraws the defenses contained in ¶¶ 42 and 51 of Ethicon's Master Answer and ¶¶ 44 and 53 of Johnson & Johnson's Master Answer. Accordingly, the plaintiff's Motion with regard to these defenses is **GRANTED**.

The court **FINDS** that genuine disputes of material fact exist regarding the remaining defenses challenged by the plaintiff. Accordingly, the plaintiff's Motion as to the remaining defenses is **DENIED**.

## IV. Conclusion

For the reasons discussed above, the court **ORDERS** that the plaintiff's Motion for Partial Summary Judgment [ECF No. 62] is **GRANTED** to the extent that the affirmative defenses are based on the contributory negligence, comparative fault, and/or comparative negligence of the plaintiff's physicians. The court further **ORDERS** that the plaintiffs' Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 30, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE